SANCO SALES, INC. *vs.* MASSACHUSETTS BAY TRANSPORTATION AUTHORITY. October 30, 1969. In this action of tort for water damage to personal property, the judge, subject to exception at the close of the evidence which included an auditor's report favorable to the defendant, directed a verdict for the defendant. There was no error. The plaintiff stored merchandise in the basement of a building which was three and one-half feet from and parallel to the north retaining wall of the defendant's streetcar line as it descends from the surface and Fenway Station to the underground station at Kenmore Square. On October 6, 1962, during a series of extremely heavy rainstorms, the defendant erected two barriers eighty feet apart across its tracks between the north and south retaining walls to prevent the inundation of the Kenmore station. Surface water produced by the rains and the overflowing of Muddy River coursed along the defendant's property and into the area between the north retaining wall and the building used by the plaintiff. The water flowed through the basement windows, causing damage. There was no showing of negligence or trespass. The barriers obviously were erected by the defendant on its land in the exercise of its right to divert surface water from it irrespective of the possibility of harm to the plaintiff's property. *Gannon* v. *Hargadon*, 10 Allen, 106, 109–110. *Canavan & Manning, Inc.* v. *Freedman*, 353 Mass. 762, and cases cited.

*Exceptions overruled.*

*Sheldon Newman* for the plaintiff.
*Edward U. Lee* for the defendant.

GIBBS OIL COMPANY *vs.* COLLENTRO & COLLENTRO, INC. & another. October 30, 1969. The evidence in this action of contract indicated that the corporate defendant had purchased fuel oil from the plaintiff and executed a promissory note for $2,600 in payment which the defendant Atkin indorsed as follows: "Waiving presentment and notice and any and all surety defenses. This is a sealed instrument." A Municipal Court judge found that Atkin was an accommodation indorser "accommodating the plaintiff at the plaintiff's request in order for the plaintiff to discount the note," and ruled that Atkin was not liable on his indorsement. The Appellate Division properly dismissed a report for reasons fully stated in the majority opinion of that division. There was no error.

*Order dismissing report affirmed.*

*Gary T. Gilbert* for the plaintiff.
*Morris Karll* for the defendant Irving Atkin.