*Northern District*

No. 7373

**D. L. BARNES, JR. Et al d/b/a**
**PUBLIC FINANCE COMPANY**

v.

**DANIEL W. O'DONNELL, a/k/a and**
**DANIEL A. BADGER, a/k/a**

Argued: Aug. 26, 1970.   Decided: Sept. 3, 1970

*Present:* Connolly, J. (Presiding) Cowdrey, J. Case tried to *Parker, J.,* in the Second District Court of Eastern Middlesex No. 1706 of 1969.

**Connolly, J.** *This action is based upon a promissory note* given the plaintiffs by several persons including the defendant in this appeal. The answer of the defendant consisted of a general denial and pleas of payment and illegality.

The evidence is summarized in the report which we quote here.

> "The makers of the note, Daniel O'Donnell and Lorraine O'Donnell, applied to the plaintiffs for a loan. They were informed that their credit background would not qualify them for a loan and that they should procure a security on the note other than household goods and car. The defendant, Daniel A. Badger, then went to the plaintiffs' place of business, completed the necessary papers and signed the note. He [Badger] received no consideration therefor, and the note (which is an exhibit) was executed by all parties. The checks were made payable to the defendants Daniel O'Donnell and Lorraine O'Donnell and certain creditors of the defendants Daniel O'Donnell and Lorraine O'Donnell. The

defendant, Daniel A. Badger, received no part of the proceeds and his name does not appear on the checks. Part of the proceeds were used to discharge two Financing Statements on household goods and a motor vehicle, indebtedness of the O'Donnells and not the defendant Badger.

"In connection with the signing of the note, the O'Donnells signed a Financing Statement and Security Agreement covering the above said household goods and motor vehicle, which said Statement was duly recorded.

"The note became in default in May of 1968, and remained in default, but the maturity date was extended to December 2, 1970.

"The plaintiffs did not at any time attempt to repossess the household goods or the motor vehicle but brought suit on the note on September 15, 1969. The O'Donnells defaulted."

The defendant seasonably filed the following requests for rulings:

1. The defendant signed the note as a surety.

2. The fact that the plaintiff brought action on the note without first perfecting their rights against the security (household goods and automobile) discharges the defendants as surety on said note.

3. The fact that the plaintiff brought

action on the note without first perfecting their rights against the security (household goods and automobile) discharges the defendants as surety on the note the value of the security.

4. If the Court finds that the defendant was an accommodation maker or party under G.L. Ter. Ed., Chapter 106, Sections 3-415, (1), (5), then, if the defendant pays the instrument has a right of recourse on the instrument, against the party accommodated. The security having been lost by action on the note, the rights of the defendant against such security are lost, and the defendant should be discharged.

5. Failure or delay by the holder of note to enforce collateral security releases this defendant. 74 ALR 129.

6. The holder (plaintiff here) discharges any party on the instrument to the extent that without such party's consent the holder unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse. G.L. Ter. Ed., Chapter 106, Section 3-606, (1), (b).

7. A person who is liable to a secured party under a guaranty, indorsement, repurchase agreement or the like and who received a transfer of the collateral from the secured party or is subrogated to his rights as thereafter the duties and rights

of the secured party. G.L. Ter. Ed., Chapter 106, Section 9-504 (5). Since the plaintiff cannot now furnish such security to the defendant he should be discharged.

The Court denied all the defendant's requests for rulings and commented on them as follows:

*1.* Denied. The Court finds that the defendant signed the note as a comaker.

*2.* Denied.

*3.* Denied.

*4.* Denied. The Court finds that the defendant was a comaker of the note. The Court further finds the provisions of the first sentence of the last paragraph of the note, constitutes a waiver by the comaker of any requirement that the holder proceed against the collateral covered by the Security Agreement. Further, assuming that the defendant is an accomodation maker as the request states, under G.L. c. 106, § 3-415, (1) note "Purposes of Changes and New Matter" paragraph 1, it is stated "An accommodation maker —— is bound on the instrument without any resort to his principal ——".

*5.* Denied. See action of the Court on request #3 supra.

*6.* Denied. The Court finds the provisions of the first sentence of the last paragraph of the note (see action of the Court on request #4 supra) gave the comaker's con-

sent to the holder to take action without first proceeding against the collateral. G. L. c. 106, § 3-606. Purposes of changes and New Matter paragraph 2.

7. Denied. See rulings of the Court on requests #4 and #6.

The note involved is on a printed form with amount, finance charge, term and other pertinent details typed in.

It contains seven paragraphs of printed material including the following significant passages:

*Paragraph 1.*

"FOR VALUE RECEIVED, the undersigned jointly and severally promise to pay to the Payee named in (A) above, at its above office, and subject to the terms hereof the Face Amount of Note as stated in (H) above, in consecutive monthly installments as stated in (L) above beginning on the due date for the first installment stated in (D) above and continuing on the same day of each succeeding month thereafter until fully paid."

First sentence of paragraph 7 (last paragraph)

"Extension of the time of payment of all or any part of the amount owing hereon or any variation, modification or waiver of any term or condition hereof at any time or times shall not affect the liability of any party hereto or co-maker, endorser, guarantor, or

surety hereof, it being the intent of all parties to this note that they shall continue jointly and severally absolutely liable for the payment of the aforesaid indebtedness until the same is actually paid in full.''

We consider these passages explicit and decisive of the issues raised by the defendant's requests.

Since the instrument was taken for value before its due date and even though the taker knew of the accommodation, the defendant by signing the note as a co-maker became liable as one. G.L. c. 106, §3-415(2).

The sentence we quote from the note binds the defendant to be jointly and severally absolutely liable on it. Further, by signing a note containing this sentence, he consented to the actions of the plaintiff he now complains of and waived any right he might have had to claim his own discharge. G.L. c. 106, §3-606.
Purpose of Changes and New Matter:
Paragraph 2.

For the reasons stated above and those stated by the trial judge in his disposition of the defendant's requests, we consider the denial of those requests as correct.

**There being no error, the report is dismissed.**
HARVEY J. RESH
   for Plaintiff
SUMNER H. SMITH
   Esq. for Defendant.