*Robert J. DeGiacomo,* Bar Counsel, & *Daniel Klubock,* Assistant Bar Counsel.

ARLINGTON TRUST COMPANY vs. ANTHONY J. PAPPALARDO. February 25, 1981. The plaintiff bank, as payee of a demand promissory note made in December, 1970, by a corporation and nine of its shareholders as comakers, approached certain officers and shareholders of the corporation and indicated that it would take legal action against the makers unless an arrangement was made to pay the note which had been long outstanding. An understanding was reached in spring, 1977, that the shareholders would make certain periodic part payments in that behalf.

With the threat of suit not yet removed, a number of the shareholders in summer, 1977, called on the defendant, an officer and shareholder of the corporation who had not signed as a comaker, and in consequence the defendant went to the bank and in August, 1977, under some urging by a bank officer, added his signature to the note, although he protested that he was unable to make payments at the time.

Upon findings as outlined above, a judge in the District Court of Lawrence held that the defendant was accommodating the bank, not the makers, and accordingly entered judgment for the defendant in the bank's action against him for recovery of an unpaid balance of the note. On report to the Appellate Division of the District Court, Northern District, that court held there was insufficient evidence to sustain the finding below that the defendant endorsed the note as an accommodation to the bank, and ruled that the defendant's status was that of an accommodation maker for the corporation and the nine comaker shareholders. We agree with the Appellate Division. If the facts about the defendant's status are considered to have been in some dispute, the court was justified in setting aside the finding below as clearly erroneous under Dist. Mun. Cts. R. Civ. P. 52 (a) (1975); but perhaps the better view of the record is that the facts were undisputed in substance, and the court was entitled to draw its own inference of law therefrom. Compare the fact situations in *Neal* v. *Wilson*, 213 Mass. 336 (1913), and *Tanners Nat'l Bank* v. *Dean*, 283 Mass. 151 (1933), with that in *Gibbs Oil Co.* v. *Collentro & Collentro, Inc.*, 356 Mass. 725 (1969). Liability to the plaintiff bank followed. There was no tenable defense of lack of consideration: consideration was not required, see G. L. c. 106, § 3-408; *Community Nat'l Bank* v. *Dawes*, 369 Mass. 550, 560 n.10 (1976), and anyway was furnished in the form of forbearance. See *Boyd* v. *Freize*, 5 Gray 553 (1856); 1 A. Corbin, Contracts § 137 (1963). Nor was the statute of limitations a defense, as the claim against the defendant ran from the date of his signature.

The Appellate Division vacated the judgment for the defendant, directed that a finding be entered for the plaintiff, and remanded the case to the court below for an assessment of damages (including an attorney's fee as provided in the note). Any bar to an appeal to this court because of the interlocutory character of the decision, see *Kitchen & Kutchin, Inc.* v. *Jarry Electronics, Ltd.*, 382 Mass. 689 (1981), was removed by stipulation of the parties agreeing upon the amount owing by the defendant if this court should agree with the Appellate Division as to liability.

*Decision of the Appellate Division affirmed.*

*Wilbur A. Hyatt* (*Angela Tulley* with him) for the defendant.
*Robert J. O'Sullivan* for the plaintiff.