Jodrey, J.
In the trial court, the plaintiff Union National Bank (Union) recovered j udgment on a promissory note made by C & C Industrial Painters of New England, Inc. (C & C) and endorsed by Robert A. Goodwin (Goodwin) and another.
At the trial there was evidence that C & C applied to Union for a loan. Union agreed to grant the loan provided that Goodwin and an officer of C & C personally endorsed the note as guarantors. Upon the execution of the note with the required endorsements, the loan was made.
Subsequently, the note became in default and Union instituted proceedings to collect the same, which resulted, after a second trial, in a judgment against the defendant Goodwin in the amount of $20,839.98 and “reasonable attorneys’ fees and costs subject to the filing of an affidavit in support of such fees and costs.”
At the close of the evidence and before final arguments, the defendant Goodwin filed requests for rulings of law. The requests brought before this division by this appeal and the trial court’s action thereon are as follows:
1. Upon all the evidence and as a matter of law, the plaintiff has failed to prove a prima facie case.
DENIED
2. There is evidence to warrant a finding for the defendant, Robert A. Goodwin.
ALLOWED, but I do not so find.
3. Upon the evidence and as a matter of law, the court should find for the defendant, Robert A. Goodwin.
DENIED.
4. Upon all the evidence and as a matter of law, the court is required to find for the defendant, Robert A. Goodwin.
DENIED.
5. Upon all the evidence and as a matter of law, where the defendant, Robert A. Goodwin, signed the promissory note pled by the plaintiff in the complaint in this case, as a guarantor at the request of the plaintiff, holder of the note, the defendant, Robert A. Goodwin, is an accommodation party, accommodating the plaintiff, and is not liable to said plaintiff. M.G.L. c. 106, §3-415.
DENIED.
6. Upon all the evidence and as a matter of law, where the holder of a note refuses to pursue collateral on a demand note, where a guarantor has warned said holder of problems with the maker secreting or wasting said collateral, the holder discharges the guarantor.
DENIED.
8. Upon all the evidence and as a matter of law, where defendant signed note as guarantor at request of plaintiff and the consideration of said note was paid to a third party; defendant is not liable because of lack of consideration. G.L. c. 106, §3-408.
DENIED.
9. Upon all the evidence and as a matter of law, where the defendant as an officer of a corporation personally endorsed a promissory note of the corporation, accommodating the plaintiff, at the plaintiffs request, the defendant is not liable on his endorsement. Gibbs Oil Company v. Collentro, Inc., 356 Mass. 725.
DENIED.
*97 The trial court made the following findings of fact:
“I find the defendant Goodwin endorsed the note in issue as guarantor; that he became liable individually; and that his obligation includes all the terms and conditions of the note.”
This appeal brings before this division the correctness of the courts denial of requests numbered 1,3,4,5,6,8, and 9, its action on request numbered 2, and its allowance of “reasonable attorneys’ fees and costs subject to affidavit being filed.”
There was no error in the denial of requests 1,3,4,5,6,8, and 9. Requests 1,3, and 4, are general requests made without reference to any specific evidence, or lack thereof, which would require a finding for the defendant. The judge need not rule upon such requests. Dist./Mun. Cts. R. Civ. P., Rule 64(b). Duxbury v. Roberts, 1982 Mass. App. Dec. 46, 51.
Requests 5 and 9 were properly denied. They were predicated upon the erroneous view that the defendant in guaranteeing the note was accommodating the payee. Analysis of the transaction, however, compels us to agree with the judge’s finding that it was the borrower, not the lender, who was accommodated. In order to obtain the loan, the borrower had to secure the endorsement of a third party. The endorsement was made for the purpose of giving the lender additional security dr recourse in the event of a default by the borrower. Inasmuch as an accommodation party is not liable to the party accommodated, and if he pays the instrument has a right of recourse on the instrument against such party, it would be absurd to hold that under the circumstances of this case Goodwin was accommodating the bank. G. L. c. 106, §3-415. Cf. Gibbs Oil Company v. Collentro, 356 Mass. 715 (1969) which is factually distinguishable from the instant case.
Request 6 was properly denied. A copy of the note was incorporated by reference in the report. The last paragraph of the note contains a provision wherein all guarantors and endorsers consent to permit release, surrender or substitution of collateral by Union, without releasing any such maker, endorser, or guarantor from liability. Goodwin consequently waived his right to claim a discharge if Union did not first pursue collateral. G. L. c. 106, §3-606. Barnes v. O'Donnell, 45 Mass. App. Dec. 46 (1970).
Request 8 incorrectly assumes that the defendant was not liable because of lack of consideration. Payment of the proceeds of the note is sufficient consideration to an accommodation party. Arlington Trust Company v. Pappalardo, 1981 Mass. Adv. Sh. 561; Community National Bank v. Dawes, 369 Mass. 550 (1976).
As to request 2, it well settled that a trial judge may grant a warrant request, but find for the opposite party. Mastercraft Wayside Furn. Co. v. Sightmaster Corp., 332 Mass. 383, 388 (1955). Dangelo v. Farina, 310 Mass. 758, 759 (1942). The denial of this request was proper.
The note also contained a provision which obligated the defendant to pay all costs and expenses, including legal costs and attorney’s fees incurred or paid by the holder in enforcing the note on default.
Reasonable attorneys’ fees may be recovered where the contract between the parties provides for their payment in the event of a default where the matter is turned over to an attorney for collection. Leventhal v. Krinsky, 325 Mass. 336 (1950). The recovery of such fees and costs is usually sought by an appropriate motion, and it is not required that the court take testimony or receive other evidence relative thereto. American Service & Supply Co., Inc. v. Raby, 348 Mass. 720 (1965). While the amount of a reasonable attorney’s fee is *98 largely discretionary, the judge should consider the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the results obtained, the experience, reputation and ability of the attorney, the usual charge for similar services by other attorneys in the same area, and the amount of awards in similar cases. Linthicum v. Archambault, 397 Mass. 381 (1971). It was appropriate for the judge to request the filing of an affidavit in support of such fees and costs. The defendant was aware of the pending award of fees and expenses. The defendant could have asked to be heard as to the reasonableness of these items. In any event he did not do so.
There being no error, the report is dismissed.