440 Mass. 723 (2004)                                          723

National Lumber Company v. United Casualty and Surety Insurance Company, Inc.

NATIONAL LUMBER COMPANY *vs.* UNITED CASUALTY AND
SURETY INSURANCE COMPANY, INC., & others[1]
(and a companion case[2]).

Worcester. December 1, 2003. - January 22, 2004.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Mechanic's Lien. Lien. Statute,* Construction.

Discussion of the statutory origins and purposes of mechanic's liens. [726-727]
This court concluded that the plain wording of G. L. c. 254 limited a
   mechanic's lien to the amount due for labor and materials and did not
   include contractual interest and reasonable attorney's fees. [727-729]
A District Court judge correctly concluded that a recorded mechanic's lien
   was dissolved when a "person in interest" recorded a surety bond in
   compliance with G. L. c. 254, § 14. [729]
A lumber supplier that commenced an in rem proceeding against a contractor's
   insurance company to enforce a mechanic's lien was not entitled to statu-
   tory interest pursuant to G. L. c. 231, §§ 6C and 6H, where the plaintiff's
   action was neither based on contractual obligations nor one in which dam-
   ages were awarded. [729-730]

CIVIL ACTION commenced in the Westborough Division of the
District Court Department on February 5, 1996.

Following review by this court, 430 Mass. 663 (2000), a
second civil action was commenced in the Westborough Divi-
sion on April 25, 2001.

After consolidation of the two actions in the District Court,
motions to strike a bond or to increase the penal sum of the
bond and to assess damages were heard by *Patrick A. Fox,* J.

The Supreme Judicial Court granted an application for direct
appellate review.

---

[1]Dean Schwartz and Stephanie Schwartz.

[2]National Lumber Company *vs.* LeFrancois Construction Corporation &
others. National Lumber voluntarily dismissed the claims against LeFrancois,
which never appeared in this action. See *National Lumber Co.* v. *LeFrancois
Constr. Corp.,* 430 Mass. 663, 665 n.6 (2000) (*National Lumber I*).

*Thomas I. Elkind (Lawrence M. Kraus* with him) for LeFrancois Construction Corporation.

*Louis J. Caccavaro, Jr. (Mark E. Barnett* with him) for National Lumber Company.

*Marshall F. Newman* for Northeastern Retail Lumber Association & another, amici curiae, submitted a brief.

COWIN, J. We are asked to decide an issue of statutory interpretation: whether a mechanic's lien recorded pursuant to G. L. c. 254, § 4, includes contractual interest and reasonable attorney's fees incurred in enforcing the lien. We conclude that it does not.[3]

1. *Background.* This is the second appeal in a case that began as an in rem proceeding to enforce a mechanic's lien. The facts underlying the plaintiff's claim are set forth in our prior opinion, *National Lumber Co.* v. *LeFrancois Constr. Corp.*, 430 Mass. 663, 664-665 (2000) (*National Lumber I*). We summarize only those undisputed facts that are relevant to the issues now before us. LeFrancois Construction Corporation purchased a lot in Northborough on which it intended to construct a house and contracted with the plaintiff, National Lumber Company, to supply lumber and other materials for the house. The contract also provided that LeFrancois would pay National Lumber interest at eighteen per cent annually on any amount remaining unpaid and reasonable charges of collection including attorney's fees. National Lumber perfected a mechanic's lien by filing a notice of contract and a sworn statement that claimed an amount due for materials totaling $26,103.98. See G. L. c. 254, §§ 4, 8.[4,5] After the notice of

---

[3]We acknowledge the amicus brief filed jointly by the Northeastern Retail Lumber Association and the Massachusetts Retail Lumber Dealers Association.

[4]General Laws c. 254 was substantially revised by St. 1996, c. 364. The statutory language in effect before 1996 governs this case. *National Lumber I, supra* at 665 n.4.

[5]General Laws c. 254, § 4, as amended through St. 1984, c. 355, § 2, provided: "Whoever, subsequent to the date of the original contract, furnishes labor or material, or both labor and material, or performs labor, under a written contract with a contractor, or with a subcontractor of such contractor, may file in the registry of deeds for the county or district where such land lies a notice of his contract . . . . Upon filing a notice, as hereinbefore provided, and giving actual notice to the owner of such filing, the sub-contractor shall have a lien to secure the payment of all labor and material, which he is to

contract was filed but before the lien was perfected, LeFrancois sold the house to the defendants, Dean and Stephanie Schwartz. National Lumber brought an action to enforce its mechanic's lien against the Schwartzes, and in *National Lumber I*, we held that it could validly enforce the lien against them, even though they were not named as defendants until after the expiration of the statutory deadline, see G. L. c. 254, § 11,[6] for the filing of the plaintiff's complaint. *National Lumber I, supra* at 666.

Thereafter, the Schwartzes obtained a dissolve lien bond in the penal sum of $26,104 from United Casualty and Surety Insurance Company (United).[7] The Schwartzes recorded the bond in the Worcester County registry of deeds and served a copy of the bond on the plaintiff. Approximately two weeks later, the plaintiff filed a complaint to enforce the bond against United in the District Court, and moved to strike the bond as insufficient or increase the penal sum of the bond to include National Lumber's service charges and attorney's fees and for an assessment of damages. The District Court consolidated these cases, denied the plaintiff's motions, and concluded that G. L. c. 254 limits a mechanic's lien to the amount claimed pursuant to § 8. Judgment entered against the Schwartzes and the District Court declared that the plaintiff was entitled to enforce the dissolve lien bond held by United. National Lumber appealed to the Appellate Division of the District Court, which reversed, holding that the lien included "reasonable contracted-for interest and related expenses" including attorney's fees. We

furnish or has furnished, upon the building or structure . . . ." General Laws c. 254, § 8, read: "A lien under section four shall be dissolved unless the subcontractor . . . shall within thirty days after the date on which the contract of said subcontractor is to be performed, file in the registry of deeds in the county or district where the land lies a statement, signed and sworn to by him . . . giving a just and true account of the amount due him, with all just credits, a brief description of the property, and the names of the owners as set forth in the notice of contract."

[6]General Laws c. 254, § 11, stated: "The lien shall be dissolved unless a civil action to enforce it is commenced within sixty days after the filing of the statement required by section eight." (The statute now allows filing of the statement within ninety days. St. 1996, c. 364, § 11.)

[7]Such a bond is in a penal sum equal to the amount of the lien. See G. L. c. 254, § 14.

granted the defendants' application for direct appellate review.[8]

2. *Discussion.* A mechanic's lien is a statutory creation, *East Coast Steel Erectors, Inc.* v. *Ciolfi,* 417 Mass. 602, 605 (1994); *Pratt & Forrest Co.* v. *Strand Realty Co.,* 233 Mass. 314, 318 (1919), and can be enforced only by strict compliance with the statute. *Savoie Quarry & Constr. Co.* v. *Ziman,* 234 Mass. 210, 214 (1919). General Laws c. 254 governs the creation, perfection, and dissolution of a mechanic's lien and "is strictly construed against the party claiming the lien." *Ng Bros. Constr.* v. *Cranney,* 436 Mass. 638, 644 (2002). We have discussed the statutory process in prior opinions. See *Tremont Tower Condominium, LLC* v. *George B.H. Macomber Co.,* 436 Mass. 677 (2002); *Ng Bros. Constr.* v. *Cranney, supra; National Lumber I, supra; Hammill-McCormick Assocs., Inc.* v. *New England Tel. & Tel. Co.,* 399 Mass. 541 (1987). Here, our inquiry is limited to whether a mechanic's lien recorded pursuant to G. L. c. 254, § 4, includes contractual interest and reasonable attorney's fees in addition to the amount claimed for labor and materials. We conclude that it does not.

"The primary purpose of the lien is to provide security to contractors, subcontractors, laborers, and suppliers for the value of their services and goods provided for improving the owner's real estate. . . . At the same time, the statute contains filing and notice requirements to protect the owner and others with an interest in the property." *Hammill-McCormick Assocs., Inc.* v. *New England Tel. & Tel. Co., supra* at 542-543. See *Bloom-South Flooring Corp.* v. *Boys' & Girls' Club of Taunton Inc., ante* 618 (2003). The statute creates a self-enforcing system to promote the lien's purposes. G. L. c. 254, § 4 (on filing and giving notice, subcontractor creates lien to secure "payment of all labor and material" furnished), § 8 (on filing sworn statement of "amount due," lien perfected), and § 14 (lien dis-

---

[8]The parties have stipulated that if the decision of the Appellate Division is affirmed, then final judgment will be entered in favor of National Lumber in the amount of $66,688.32, which includes contractual interest and reasonable attorney's fees as of December 31, 2002. The stipulation removes any procedural bar to an appeal to this court because of the interlocutory character of the decision. *Arlington Trust Co.* v. *Pappalardo,* 383 Mass. 870, 871 (1981).

solved when bond "in a penal sum equal to the amount of the lien" recorded).

Statutory language is the primary source of legislative intent. *Hoffman* v. *Howmedica, Inc.*, 373 Mass. 32, 37 (1977). Where the language is plain and unambiguous, it is conclusive of the Legislature's purpose. *Pyle* v. *School Comm. of S. Hadley*, 423 Mass. 283, 285 (1996), and cases cited. We do not "read into the statute a provision which the Legislature did not see fit to put there, whether the omission came from inadvertence or of set purpose." *General Elec. Co.* v. *Department of Envtl. Protection*, 429 Mass. 798, 803 (1999), quoting *King* v. *Viscoloid Co.*, 219 Mass. 420, 425 (1914).

The plain wording of G. L. c. 254 limits a mechanic's lien created pursuant to § 4 to the amount due for labor and materials. Section 4 authorizes a subcontractor to create a lien for "all labor and material." Section 8 requires the subcontractor to file a statement of the claim for "the amount due him" within thirty days of the § 4 notice. The subcontractor creates a valid lien even if he negligently misstates "the amount due for labor or material." G. L. c. 254, § 11. Finally, the property owner may dissolve the lien by obtaining a surety bond "in a penal sum equal to the amount of the lien sought to be dissolved conditioned for the payment of any sum which the claimant may recover on his claim *for labor or labor and materials*" (emphasis added). G. L. c. 254, § 14. Nowhere in this detailed statutory framework is there a reference to interest or attorney's fees. Contractual interest and attorney's fees are not "labor and material," nor can they be part of the "amount due" at the time the statement of claim is filed because they have not yet been determined.

Despite the language in these provisions, National Lumber asks us to interpret the statute to authorize contractual interest and attorney's fees as part of the lien. It cites language in § 17 ("rebate of interest"), § 21 ("with interest"), and § 22 ("Costs shall be in the discretion of the court. . . .") as indicating the Legislature's intent that the statute be construed broadly to promote a meaningful collection mechanism for subcontractors.

However, these provisions do not concern the enforcement of a lien created pursuant to § 4. See G. L. c. 254, § 17 (immature claims), § 21 (distribution following court-ordered sale), § 22 (costs following court-ordered sale). Where language in certain provisions is noticeably absent from other provisions of the same statute, such as here, we have consistently held that "the language should not be implied where it is not present." *Hallett* v. *Contributory Retirement Appeal Bd.*, 431 Mass. 66, 69 (2000), quoting *First Nat'l Bank* v. *Judge Baker Guidance Ctr.*, 13 Mass. App. Ct. 144, 153 (1982). 2A N. Singer, Sutherland Statutory Construction § 46:06, at 194 (6th ed. 2000) ("where the legislature has carefully employed a term in one place and excluded it in another, it should not be implied where excluded").[9]

Any doubt that the statutory language is limited to labor and materials is resolved by a consideration of other factors. Reading the statute to allow for the recovery of interest and attorney's fees as a component of the lien would contradict the Legislature's unambiguous intent that an interested person may dissolve the lien by obtaining a surety bond in the amount due for labor and materials and recording it. G. L. c. 254, § 14. Allowing a lien holder to record a claim for one amount, pursuant to § 8, and, as here, later to assert a higher amount because of terms in the contract, would subvert the statute's purpose to protect those with an interest in the property. See *Hammill-McCormick Assocs., Inc.* v. *New England Tel. & Tel. Co.*, *supra* at 543, and cases cited; *Valentine Lumber & Supply Co.* v. *Thibeault*, 336 Mass. 411, 413 (1957). Further, the design of G. L. c. 254 ensures that a person searching the records in a registry of deeds can determine with certainty the amount due. G. L. c. 254, § 8 (recorded, sworn statement of claim must state

---

[9]The plaintiff also claims, by analogy to other security interests, that because a debt follows its security, "a mechanic's lien is security for the obligation to pay all costs one contractually agrees to pay in connection with the provision of building materials and/or labor incorporated into a structure on the property against which the mechanic's lien is asserted." The mechanic's lien owes its existence to the Legislature, which may limit the lien, even if in doing so it deviates from principles underlying other security interests.

"a just and true account of the amount due him"). See *National Lumber I, supra* at 668.[10]

The plaintiff perfected a lien in an amount due for materials, as stated in its sworn statement of claim, of $26,103.98. Its recovery from the Schwartzes is limited by statute to this amount. The Schwartzes' liability derives solely from statute and these statutes present explicit means and amounts for recovery.

The District Court was correct in holding that the lien was dissolved when the Schwartzes recorded United's surety bond. According to G. L. c. 254, § 14, a "person in interest" may dissolve a mechanic's lien by recording a surety bond "in a penal sum equal to the amount of the lien sought to be dissolved conditioned for the payment of any sum which the claimant may recover on his claim for labor or labor and materials. Upon the recording of the bond, the lien shall be dissolved." Just as strict compliance with the provisions is required to perfect the lien, *National Lumber I, supra* at 666, so may a person in interest dissolve the lien by strictly adhering to the statute. Here, the lien was dissolved because the defendants complied with § 14.

Finally, National Lumber claims that it is entitled to statutory interest pursuant to G. L. c. 231, §§ 6C and 6H.[11] Neither of these provisions is applicable in the instant case because the nature of the plaintiff's action is in rem, to enforce a lien. *Howard* v. *Robinson*, 5 Cush. 119, 121 (1849). The plaintiff's

---

[10]The plaintiff mentions in passing that the amount due listed in its sworn statement of claim included a small amount of interest. To the extent that this is an argument, it is made for the first time in this court and has been waived. Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). Nor does the mention of this fact rise to the level of appellate argument. *Id.* See *Doe* v. *Superintendent of Schs. of Stoughton*, 437 Mass. 1, 7 (2002).

[11]General Laws c. 231, § 6C, states: "In all actions based on contractual obligations, upon verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages . . . ."

General Laws c. 231, § 6H, provides: "[I]n any action in which damages are awarded, but in which interest on said damages is not otherwise provided by law, there shall be added by the clerk of court to the amount of damages interest thereon . . . ."

action is neither "based on contractual obligations" nor one "in which damages are awarded." G. L. c. 231, §§ 6C, 6H.

*Judgment of the District Court affirmed.*