NATIONAL LUMBER COMPANY *vs.* MICHAEL R. INMAN & another.[1] No. 09-P-15. September 13, 2010. *Lien. Mechanic's Lien. Contract,* Construction contract, Subcontractor. *Statute,* Construction.

In this action, National Lumber Company (National) seeks to enforce a mechanic's lien against property owned by Stacy and Michael Inman (homeowners), for which National supplied materials as a subcontractor.

---

[1]Stacy A. Inman. The original complaint was also brought against Blackwood Development Corp. (Blackwood) and its principal, Laurie A. Dickey. See note 2, *infra*. The Inmans brought a third-party complaint against Blackwood, F.C. Carpentry, Inc., and R.C. Homes, Inc. (R.C. Homes). R.C. Homes counterclaimed against the Inmans. Both the

*Facts.* R.C. Homes, Inc. (R.C. Homes), and the homeowners entered into a contract under which R.C. Homes was to construct a home in exchange for payment from the homeowners. R.C. Homes started work but soon fell behind in its payments to subcontractors and suppliers, who, as a consequence, filed liens. At some point after the work began, Blackwood Development Corp. (Blackwood) and R.C. Homes agreed that Blackwood would perform the remaining work under the contract. Neither Blackwood nor R.C. Homes notified the homeowners of the change. Blackwood entered into a contract with National pursuant to which National would supply materials to Blackwood to be delivered to the homeowners' property pursuant to an open account established with Blackwood and guaranteed by Blackwood's principal, Laurie A. Dickey. Blackwood began work on the project but later abandoned it, and the homeowners terminated the contract with R.C. Homes. Following Blackwood's failure to pay for the materials, National attempted to create, perfect, and enforce a mechanic's lien against the homeowners' property for the value of materials it had supplied to Blackwood. See G. L. c. 254, § 4.

*Procedural history.* The only issues at trial and on appeal relate to National's claim seeking to enforce the mechanic's lien against the homeowners.[2] Following a bench trial, the trial judge dismissed National's complaint, concluding that the evidence did not support a finding that sums were due from the homeowners in favor of R.C. Homes at the time that notice was provided to the homeowners of National's claim.[3] We affirm.

*Discussion.* The issue on appeal is whether, as National argues, the homeowners had the burden of proving the amount due or to become due to the initial contractor, R.C. Homes, under the original contract between R.C. Homes and the homeowners. See G. L. c. 254, § 4, as amended through St. 1996, c. 364, § 5 ("Such lien shall not exceed the amount due or to become due under the original contract as of the date notice of the filing of the subcontract is given by the subcontractor to the owner"); *BloomSouth Flooring Corp.* v. *Boys' & Girls' Club of Taunton Inc.*, 440 Mass. 618, 623 (2003) (the phrase "due or to become due" means "the amount due the contractor at the time notice is served on the property owner or to an amount that may become due afterward"). Resolution of this issue is dispositive because there was insufficient evidence at trial as to the amount due or to become due from the homeowners when they received notice of the filing of the subcontract.

"A mechanic's lien is a creation of statute and is perfected only by strict compliance with the statutory requirements. . . . The statute is strictly construed against the party claiming the lien." *Ng Bros. Constr., Inc.* v. *Cranney*, 436 Mass. 638, 644 (2002). See *Golden* v. *General Builders Supply LLC*, 441 Mass. 652, 654 (2004) ("we have consistently required exact compliance with the statute in order to create, perfect, and enforce [a mechanic's] lien").

---

third-party complaint and the counterclaim were dismissed. Neither is at issue on appeal.

[2]At National's request, its claims against both Blackwood and Dickey were dismissed as, prior to trial, in a separate action against them, National had obtained a judgment for a sum that was inclusive of the monies claimed in the present action.

[3]National gave the homeowners notice of its statement of contract on June 6, 2006. However, by that time, R.C. Homes, the original contractor, was in material breach of its contract with the homeowners, who, in turn, had terminated that contract as of April 13, 2006. The trial judge found that as of the date when National gave notice to the homeowners of its filing, no funds were owed by the homeowners to R.C. Homes.

The mechanic's lien statute specifically provides that the lien "shall not exceed the amount due or to become due." G. L. c. 254, § 4. Strict construction of the statute against National, the party claiming the lien, leads to our conclusion that National had the burden of proof on all matters necessary to establish its compliance with the statute and entitlement to the lien, including the amounts due or to become due.

Thus, the burden was on National to prove compliance with the requirements of the mechanic's lien statute, and the homeowners were not required to plead the language of the statute as an affirmative defense or to establish what amounts were due or to become due. As National failed to meet its burden to prove that the homeowners had an amount due or to become due when National gave notice to them of the filing of the subcontract, its complaint was properly dismissed.

We reject National's argument that, because the mechanic's lien statute is intended to provide security to subcontractors and other similarly situated parties, a construction of the statute that requires the party claiming the lien to prove the amount due or to become due contradicts its purpose. Our decision is consistent with the purposes of the mechanic's lien statute, which include the protection of the owners' real estate. See *National Lumber Co.* v. *United Cas. & Sur. Ins. Co.*, 440 Mass. 723, 726 (2004), quoting from *Hammill-Mc-Cormick Assocs.* v. *New England Tel. & Tel. Co.*, 399 Mass. 541, 542-543 (1987) ("The primary purpose of the lien is to provide security to contractors, subcontractors, laborers, and suppliers for the value of their services and goods provided for improving the owner's real estate. . . . At the same time, the statute contains filing and notice requirements to protect the owner and others with an interest in the property").

*Attorney's fees.* "We decline to grant the defendants attorney's fees to defend this appeal, as the plaintiff['s] appeal was not frivolous." *Tilman* v. *Brink*, 74 Mass. App. Ct. 845, 855 n.23 (2009), citing *Avery* v. *Steele*, 414 Mass. 450, 455 (1993).

*Judgment affirmed.*

*Louis J. Caccavaro, Jr.* (*Mark E. Barnett* with him) for the plaintiff.
*Dana Alan Curhan* for the defendants.