NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1094

MOHAMED KALAE

vs.

HONEY POT HILL ORCHARDS, INC.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Mohamed Kalae, was injured after falling from a tripod ladder while picking apples at a pick-your-own farm owned by the defendant, Honey Pot Hill Orchards, Inc. He filed a complaint in the Superior Court against the defendant alleging negligence, failure to warn, and violation of G. L. c. 128, § 2E (the "pick-your-own" statute). A judge granted summary judgment for the defendant, and the plaintiff timely appealed. We affirm.

Discussion. "The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a

matter of law." Augat Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). A party is "entitled to summary judgment if [the party] demonstrates . . . that the party opposing the motion has no reasonable expectation of proving an essential element of that party's case." Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).

The plaintiff's claims rise or fall on the application of the pick-your-own statute, which is intended "to limit certain 'pick-your-own' farms from being exposed to claims of negligence and gross negligence from visitors to those farms." MacFayden v. Maki, 70 Mass. App. Ct. 618, 622 (2007). To qualify for the statute's protection, the owner or operator of the farm must post a warning notice in the manner spelled out in the statute. See id. at 622-623. If the defendant posted the required notice, the plaintiff's claims sounding in negligence, including the failure-to-warn claim, as well as any claim for violation of the pick-your-own statute, are barred.

The plaintiff argues that a genuine issue of material fact exists as to whether the defendant complied with the notice provisions of the statute, which require the owner or operator of the farm to "post and maintain signs which contain the warning notice specified herein. Such signs shall be placed in a location visible to persons allowed to enter said farm for the

2

purpose of agricultural harvesting."[1]  G. L. c. 128, § 2E.  The

plaintiff does not dispute that the defendant posted the signs

required by the statute.  Rather, the plaintiff argues that a

genuine issue of fact existed as to whether the signs were

"visible," because, he contends, they were placed "at or below

knee height, or behind a post, pillar, or cashier."  We are not

persuaded.

It is uncontested that the signs were posted at the farm

store and at every booth where customers could buy apple picking

bags, and that customers were required to stop at one of the

booths or at the store to buy a bag before entering the orchard.

The record does not support a reasonable inference that the

signs were not visible.  To the contrary, when shown photographs

of places where the signs were posted at the farm, the plaintiff

admitted he could see them.  The statute does not require that

signs be posted at a certain height or at any particular

location, only that they be "visible" to customers permitted on

the premises.  See National Lumber Co. v. United Cas. & Sur.

Ins. Co., 440 Mass. 723, 727 (2004) ("We do not read into the

statute a provision which the Legislature did not see fit to put

there" [quotation and citation omitted]).

---

[1] The statute dictates the language of the notice, which
must appear "on a sign in black letters, with each letter to be
a minimum of one inch in height."  G. L. c. 128, § 2E.

3

As the defendant complied with the signage requirement, it was insulated from liability for the plaintiff's personal injury "in the absence of wilful, wanton, or reckless conduct." G. L. c. 128, § 2E. The plaintiff argues that the summary judgment record presented a triable issue concerning whether supplying customers with "an unreasonably dangerous ladder," with no locking mechanism, and with no instructions how to use it, amounted to reckless conduct.

Our pick-your-own statute recognizes that engaging in pursuits such as chopping down Christmas trees (which involves sharp tools and heavy falling objects) or fruit picking (which may require climbing ladders on uneven ground to reach all but the low-hanging fruit) is inherently dangerous, and that members of the public generally lack the skill, judgment, or experience of agricultural workers. Accordingly, the Legislature chose to immunize operators of pick-your-own farms from liability for merely negligent or grossly negligent conduct. See MacFayden, 70 Mass. App. Ct. at 622; Centner, The New Pick-Your-Own Statutes: Delineating Limited Immunity from Tort Liability, 30 U. Mich. J.L. Reform 743, 762-763 (1997).

To prove recklessness in the context of an inherently dangerous pursuit, the plaintiff must prove "extreme misconduct outside the range of the ordinary activity inherent in the

4

[pursuit]."  Borella v. Renfro, 96 Mass. App. Ct. 617, 623 (2019) (defining reckless misconduct in context of high school ice hockey).  See Brandt v. Davis, 98 Mass. App. Ct. 734, 739 (2020) (same, in context of college softball practice).  As the plaintiff's own expert engineer stated in his affidavit, a tripod ladder is "a specialty ladder for use in landscape work and fruit picking."  Supplying pick-your-own apple customers with ladders designed for picking apples is not outside the normal range of activity in an apple orchard.  It is precisely the type of activity that the pick-your-own statute is designed to protect.

Although "summary judgment is seldom granted in a cause of action alleging reckless or negligent conduct," Nunez v. Carrabba's Italian Grill, Inc., 448 Mass. 170, 174 (2007), "where no rational view of the evidence would permit a finding of negligence or recklessness, summary judgment is appropriate," Borella, 96 Mass. App. Ct. at 622.  As the plaintiff had no

reasonable expectation of proving that the defendant's conduct was willful, wanton, or reckless, summary judgment was proper.

Judgment affirmed.

By the Court (Massing, Hand & Hershfang, JJ.[2]),

Clerk

Entered:  July 29, 2025.

---

[2] The panelists are listed in order of seniority.