RHEEM MANUFACTURING COMPANY *vs.* MONSANTO COMPANY.

Middlesex.    March 15, 1978. — June 30, 1978.

Present: KEVILLE, GRANT, & ARMSTRONG, JJ.

*Mechanic's Lien.*

General Laws c. 254, § 4, requires that a subcontractor, in order to establish a lien, file a notice of contract in the registry of deeds prior to the date for completion of the contract set forth in the notice. [463–465]

CIVIL ACTION commenced in the Superior Court on January 13, 1976.

On transfer to the Land Court, the case was heard by *Sullivan, J.*

*Thomas E. Goode* (*George Woron* with him) for Rheem Manufacturing Company.

*Jeremiah F. Healy, III,* for the Monsanto Company.

KEVILLE, J. This complaint was brought by Rheem Manufacturing Company (Rheem) in the Superior Court

under G. L. c. 254 § 5, and transferred to the Land Court, to enforce a lien upon registered land of Monsanto Company (Monsanto). Rheem appeals from a judgment for Monsanto which determined that no lien had been established against the land. The case was submitted to the Land Court judge on an "Agreed Statement of Facts," with various accompanying documents and testimony taken by deposition.

Pertinent facts which could have been found by the judge to support her conclusion, in which we concur, that Rheem had not established a lien against the Monsanto land may be summarized as follows: In July, 1974, J. M. Construction Corp. (J. M.) entered into a general contract with Monsanto to construct a building on Monsanto's land. Harding Welding and Piping Corp. (Harding) subcontracted with J. M. to do the heating and air conditioning work required under the general contract. Harding then ordered seven rooftop heating/air conditioning units from Rheem. These units were delivered at the job site shortly before January 1, 1975, and set in place on the roof of the building by Harding. Rheem's bill for these units, which was submitted to Harding about that time, has not been paid. On November 14, 1975, Rheem filed a notice of contract in the registry of deeds pursuant to G. L. c. 254, § 4, as amended by St. 1972, c. 774, § 8, and St. 1973, c. 801, § 2. The notice recited that Rheem had completed its performance of the contract on October 6, 1975. On November 26, 1975, Rheem likewise filed a statement of account pursuant to G. L. c. 254, § 8, which set forth the amount of its claim against Monsanto for the units.

In early January, 1976, at the request of J. M., Rheem reversed some panels on one of the units to prevent snow from blowing into the building. On January 6, 1976, Rheem filed a second notice of contract which stated that it had completed the contract on December 14, 1975. Also, on January 6, Rheem filed a second statement of account.

The judge concluded that the contract had been performed by Rheem not later than the date on which the units were delivered to the job site, and that neither notice of contract had established a lien since neither had been filed in the registry prior to the date for completion of the contract set forth in the notice as required by § 4.

General Laws c. 254, § 4, read prior to the 1972 and 1973 amendments, provided that the lien of a subcontractor secured "the payment of all labor and material, which he shall thereafter furnish." The 1972 amendment inserted the words "or has furnished" after the word "furnish" in line three of the statutory form of notice. The 1973 amendment changed the phrase "shall thereafter furnish" to "is to furnish or has furnished," so that § 4 now reads as it appears in the margin.[1]

---

[1] "Section 4. Whoever, subsequent to the date of the original contract, furnishes labor or material, or both labor and material, or performs labor, under a written contract with a contractor, or with a sub-contractor of such contractor, may file in the registry of deeds for the county or district where such land lies a notice of his contract substantially in the following form:

"Notice is hereby given that by virtue of a written contract dated between      , contractor (or sub-contractor), and      said *is to furnish or has furnished* labor or material, or both labor and material, or perform labor in the erection, alteration, repair or removal of a building or structure by     , contractor, for     , owner, on a lot of land described as follows:

"Said contract is to be completed on or before

"A notice of any extension of such contract, stating the date to which it is extended, shall also be filed or recorded in said registry prior to the date stated in the notice of the contract for the completion thereof.

"Upon filing a notice, as hereinbefore provided, and giving actual notice to the owner of such filing, the sub-contractor shall have a lien to secure the payment of all labor and material, which he *is to furnish or has furnished*, upon the building or structure, and upon the interest of the owner, as appears of record at the time of such filing, in the lot of land on which said building or structure is situated. But such lien shall in no event exceed the amount due or to become due under the original contract when notice of the filing of the sub-contract is given by the sub-contractor to the owner; and the time for the performance of the contract of the sub-contractor shall not be extended beyond the time for the performance of the original contract and any extension

It is clear, therefore, that while prior to these amendments § 4 permitted a lien only for work done after a notice of contract was filed, the amendments modified that section to permit a lien to secure payment for labor and/or material supplied prior to the filing of a notice of contract as well. However, we find no support for Rheem's argument that the amendments contemplated the filing of a notice of contract after all of the required work had been performed.

The statutory form of notice in § 4, as amended, left unchanged the requirement that the subcontractor state the date "on or before" which the contract "is to be completed." This language calls for the filing of the notice before the contract has been completely performed. Notice of the date of any extension of the contract stating the date "to which it is extended" must likewise be filed prior to the date of completion stated in the notice. Additionally, § 4 provides that the date of completion stated in the notice of contract shall be the date on which the contract "is to be performed." Rheem's suggested construction of the section appears to ignore this language which is clearly prospective.[2]

---

thereof, if the objection thereto of the owner is filed in the registry of deeds and actual notice of such objection is given by the owner to the sub-contractor within five days after the owner received notice of the filing of the contract as provided in this section.

"If the contract does not contain a completion date, the person filing the notice of contract in the registry of deeds shall set forth a date of completion which shall be subject to objection by the owner as set forth above if the date of completion is later than the time for the performance of the original contract and any extension thereof. For the purposes of this chapter the date of completion stated in the notice of contract filed in the registry of deeds or in any properly filed notice of extension of such contract shall be the date on which the contract is to be performed" (emphasis supplied).

[2] Since prior to these recent amendments the lien could apply only to labor and/or material furnished after the filing of notice, the question presented here did not arise, even though the statutory language with respect to the filing of a notice of contract was not changed.

The judge's interpretation of § 4 is supported by reference to § 8 of G. L. c. 254. That section requires that in order to preserve a lien a subcontractor must file a statement of account within thirty days after the date of performance in order to avoid dissolution of the lien. As the judge correctly stated in her decision, one purpose of the § 4 requirement of filing is to apprise third parties of the claim with the liquidated amount to be filed thereafter in accordance with § 8. If it had been intended that the notice of contract and the statement of account should be filed simultaneously, the requirement of filing the notice would be meaningless as would the necessity of stating the date of completion therein.

Finally, even if it were true, as Rheem contends, that certain repair work done by it following the date when the units were delivered extended the time for performance, Rheem asserts on appeal only that the last such work performed by one of its representatives was on December 14, 1975, which coincides with the date of completion of its contract with Harding as set forth in its second notice of contract filed in the registry on January 6, 1976. Rheem therefore failed to meet the § 4 requirement in that the second notice was not filed prior to the date of completion of the contract which was stated in the notice.

*Judgment affirmed.*