Agnes, Peter W., J.
Introduction
The plaintiff, General Mechanical Contractors, Inc. (“GMC”) brought this action to enforce a mechanic’s lien against property owned by the defendant, The Willows at Worcester, LLC (“Willows”), pursuant to the Mechanic’s Lien Statute, G.L.c. 254. GMC seeks to collect damages arising out of a breach of contract by the defendants C.E. Floyd Company (“Floyd”) and Safeco Insurance Company of America (“Safeco”). This matter is before the court on defendant Willows’ mo *291 tion to dismiss. For the reasons set forth below, the defendant’s motion is ALLOWED.
Background
Defendant Floyd was hired as a general contractor for construction and renovations to property owned by defendant Willows. Floyd hired GMC on a subcontract to provide labor and materials for HVAC (Heating, Ventilation and Air Conditioning) work for a fee totaling $2,365,000.00. Floyd later requested that GMC perform extra work in the amount of $236,293.00, resulting in a total value of $2,601,293.00 for the subcontract. On October 15, 2007, defendants Floyd and Safeco recorded a lien bond for the benefit of the subcontractors, including GMC.[1]
GMC alleges that it substantially performed in good faith, and that the defendants have breached the contract by failing to pay $90,000.00 on the subcontract. GMC further alleges that the defendants refuse to pay the balance despite repeated requests. On August 27, 2009, nearly two years after the Lien Bond was recorded, GMC recorded a Notice of Contract with the Worcester County Registry of Deeds, pursuant to G.L.c. 254, §4, which caused a mechanic’s lien to be asserted against the property. Pursuant to G.L.c. 254, §8, GMC recorded a sworn Statement of Account on November 6, 2009, followed by Amended Statements of Account on December 15, 2009, December 29, 2009, and February 5, 2010.
GMC commenced this action against the defendants to enforce the lien bond against defendants Floyd and Safeco. GMC is also seeking to assert the mechanic’s lien against defendant Willows as the property owner in the event that the lien bond is determined to be defective or inapplicable. Willows has moved to dismiss this action claiming that GMC has not properly stated a claim for which relief can be granted.
Discussion
A motion to dismiss “argues that the complaint fails to state a claim upon which relief can be granted.” Jarosz v. Palmer, 436 Mass. 526, 529 (2002). In considering a motion to dismiss, “the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor, are to be taken as true.” Nader v. Citron, 372 Mass. 96, 98 (1977). To survive a motion to dismiss, the complaint must contain “allegations plausibly suggesting (not merely consistent with) an entitlement to relief,” and “must be enough to raise a right to relief above the speculative level.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).
The issue in this case is whether G.L.c. 254, §12 allows a party to assert a mechanic’s lien after a lien bond has been recorded. Willows has moved to dismiss on the grounds that G.L.c. 254, §12 bars a mechanic’s lien from attaching after a lien bond has been recorded by an insurance company. GMC has alleged that defendants Floyd and Safeco have not admitted to the validity of the lien bond, and that §12 allows a subcontractor to assert a mechanic’s lien even after a bond is recorded.
A. Overview of the Mechanic’s Lien Statute
Massachusetts law creates a mechanism known as a mechanic’s lien which provides security to contractors, subcontractors, laborers, and suppliers who “perform! ] labor or supplies material for the improvement of real estate by agreement or with the express or implied consent of the owner . . .” and to whom a debt is due. Hammill-McCormick Assoc., Inc. v. New England Tel. & Tel Co., 399 Mass. 541, 542-43 (1987). The mechanic’s lien is asserted through strict compliance with G.L.c. 254, which “contains filing and notice requirements to protect the owner and others with an interest in the property.” Hammill-McCormick Assoc., Inc., 399 Mass. at 542-43. Massachusetts law requires the subcontractor to whom the debt is due to
record a “notice of contract” in the registry of deeds for the county in which the property is located. The statute sets a deadline for the recording of such a notice of contract, and calculates that deadline according to the way that the contract is either terminated or completed. If the parties to the contract have filed a notice of substantial completion (signifying the parties’ agreement that the “work under the written contract is sufficiently complete so that it can be occupied or utilized for its intended use,” G.L.c. 254, §2A), the contractor must file the notice of contract no later than sixty days after the filing of the notice of substantial completion. G.L.c. 254, §2. If the contract has been terminated and the owner has filed a notice of termination (see G.L.c. 254, §2B), the contractor must file the notice of contract no later than ninety days after the filing of the notice of termination. G.L.c. 254, §2. Or, in the absence of any such notice of substantial completion or notice of termination, the deadline for filing a notice of contract is ninety days after the contractor “last performed or furnished labor or materials or both labor and materials." A notice of contract may be recorded “at any time after execution of the written contract,” as long as it is recorded before the applicable deadline. The recording of the notice of contract establishes the priority of the mechanic’s lien. As a general matter, the lien takes priority over all other later-recorded encumbrances on the property.
Tremont Tower Condo. LLC v. George B.H. Macomber Co., 436 Mass. 677, 680 (2002).
“The lien shall be dissolved unless a civil action to enforce it is commenced within ninety days after the filing of the statement required by [G.L.c. 254] section eight.” G.L.c. 254, §11.[2] See also Volpe Construction Co. v. First National Bank of Boston, 30 Mass.App.Ct. 249, 255 (1991). A mechanic’s lien is perfected only *292 by strict compliance with the statutory requirements.[3] Hammill-McCormick Assoc., Inc., 399 Mass. at 543-44; Ng Bros. Const. Inc. v. Cranney, 436 Mass. 638, 644 (2002), citing East Coast Steel Erectors, Inc. v. Ciolfi, 417 Mass. 602, 605 (1994).
The Mechanic’s Lien Statute also gives security to general contractors and/or landowners by providing a remedy to avoid the adverse impact of a mechanic’s lien. “Any person, including the owner, in interest in connection with a written contract. . . may cause to be recorded in the registry of deeds in the county or district where the land lies a bond of a surety company authorized to do a surely business in Massachusetts and in a penal sum equal to the contract sum.” G.L.c. 254, §12. Furthermore, “(a]fter the recording of any such bond, no lien under this chapter shall thereafter attach in favor of any person entitled to the benefit of such bond and not named as a principal thereon for labor or for labor and materials performed under the contract in respect to which such bond is given.” Id. (emphasis added).
B. Application of the Law
Willows argues that a mechanic’s lien cannot attach in favor of GMC because the statute forbids the attachment of a mechanic’s lien after a lien bond has been recorded. Here, the mechanic’s lien was recorded on August 27, 2009, nearly two years after the lien bond was recorded on October 15, 2007. Moreover, defendant Floyd was the only party named as a principal on the original lien bond. Based on the language of the statute, and a review of the contents of the lien bond, defendant Willows’ interpretation of §12 is supported; GMC had no right to assert alien against Willows once the bond was recorded.[4]
In its opposition, GMC argues that the lien bond may somehow be invalid or defective, and must rely on its rights against the mechanic’s lien. However, according to G.L.c. 254, §12, no bond will be recorded if it is defective. “The register of deeds shall refuse to record the said bond if it be defective in form or substance . . .” Id. In light of §12, and the fact that a bond will not be recorded if it is defective, GMC has failed to provide an explanation as to why it believes the lien bond may not be valid, or why defendants Floyd and Safeco may deny the validity of the bond. GMC simply states that “it would be prejudicial to GMC for the Court to dismiss the Owners at this early stage of the proceedings where such a dismissal could impact GMC’s lien claim to the extent that Safeco may disavow the validity and/or applicability of the bond.” (PL’s Opp’n. 1, Apr. 8, 2010.) “While the Owner’s property may be free of GMC’s lien if the lien bond is valid, as a practical matter, the Owners should not be per se excused as Defendants to this litigation where the validity and enforceability of the lien bond has not been established.” Id. at 3 (emphasis original). Although the pleading standard only requires a short and plain statement of the claim showing that the pleader is entitled to relief under Mass.R.Civ.P. 8(a), GMC’s allegations are without factual support and not sufficient to raise its demand for relief above the speculative level. See Iannacchino, 451 Mass. at 636.
In order to enforce the lien after the bond has been recorded, GMC relies on the final provision of §12 which states that the existence of a bond “shall not create any rights which the claimant would not have had, or impair any defenses which the obligors would have had, in an action to enforce a lien.” G.L.c. 254, §12 (emphasis added). GMC argues that “even when registry records indicate the existence of a lien bond, an owner is still properly made party to a mechanic’s lien suit.” (Pl.’s Opp’n. 4.) We disagree. The statute allows a party to have the same rights and remedies when enforcing a bond that they would have if they were enforcing a lien. See G.L.c. 254, §12. In other words, the lien bond will substitute for a mechanic’s lien, and give the parties the same rights and defenses.[5]
Ultimately, “the purpose of [G.L.c. 254, §12], as previously in effect and as revised by St. 1972, c. 774, Section 9, was to benefit an owner of land (or anyone possessing an interest in that land) by furnishing means to keep his title free from liens.” Warren Bros. Co. v. Peerless Ins. Co., 8 Mass.App.Ct. 719, 722 (1979). “Statutory language itself is the principal source of insight into the legislative purpose.” Hoffman v. Howmedica, Inc., 373 Mass. 32, 37 (1977).
Considering the legislative purpose and the statutory language of G.L.c. 254, §12, GMC is barred from asserting a mechanic’s lien against defendant Willows since it was recorded almost two years after the lien bond. GMC has not stated a claim for which relief can be granted and as such, defendant Willows’ motion to dismiss is ALLOWED.
Order
Based on a review of the pleadings submitted by the parties, an evaluation of the relevant case law, and a careful examination of the governing statute, it is hereby ORDERED that defendant Willows’ motion to dismiss be ALLOWED.

 Based on the briefs submitted by both parties and oral arguments made by their attorneys, neither side disputes the fact that defendants Floyd and Safeco recorded a lien bond before the mechanic’s lien. This court acquired a PDF scan of the actual Hen bond from the Registry of Deeds in order to verify the date of the bond recording. See Appendix A. [Editor’s Note: Appendix A is not included with the reported opinion.]

 Whether or not GMC complied with the statutory requirements to properly assert a Hen is not before the court.

 A mechanic’s Hen, which includes items such as contractual interest and attorneys fees incurred in trying to enforce the lien, cannot be perfected beyond the amount stated in the Sworn Statement of Account. National Lumber Co. v. United Cas. and Sur. Ins. Co. Inc., 440 Mass. 723, 724, 729 (2004). “Such lien shall not exceed the amount due or to become due under the original contract as of the date notice of the filing of the subcontract is given by the subcontractor to the owner.” G.L.c. 254, §4. Recovery is derived “solely from statute and *293 these statutes present explicit means and amounts for recovery.” National Lumber Co., 440 Mass. at 729.

 At the hearing on the motion, Willows argued that G.L.c. 254 does not expressly allow a subcontractor to assert a mechanic’s lien against the properly owner. We disagree. General Laws c. 254, §4 states that “[u]pon filing or recording a notice . . . and giving actual notice to the owner of such filing, the subcontractor shall have a lien upon such real property, land, building, structure or improvement owned by the party who entered into the original contract as appears of record at the time of such filing . . .” (emphasis added). There is no case law indicating that an action to enforce a lien can be commenced against property but not its owner. Rather, “where the language of a statute is clear and unambiguous, it is conclusive as to legislative intent.” Pyle v. School Comm. of S. Hadley, 423 Mass. 283, 285 (1996).

 GMC argues that §12 allows a mechanic’s lien to attach after a lien bond has been recorded because “[a] claimant may not recover on a lien bond without first complying with the statutory requirements to create a mechanic’s lien.” D’Agostino Associates, Inc. v. Atlantic Mut. Ins. Co., 70 Mass.App.Ct. 1110, 2007 WL 3333243 *2 (2007). This language is dicta and the plain meaning of G.L.c. 254, §12 can be construed against the language quoted by GMC. Moreover, it does nothing to advance GMC’s argument because the holding in D’Agostino is really that a subcontractor who fails to meet the strict statutory requirements of the Mechanic’s Hen Statute, such as waiting too long to file, and failing to file a Sworn Statement of Account, pursuant to §8, cannot assert a mechanic’s lien. See id. No such failure occurred in this case. It is also unclear as to whether the insurance company in D’Agostino recorded the lien bond before or after the mechanic’s lien. It is key to note that a subcontractor, like the plaintiff in D’Agostino, is not typically the party in charge of recording the lien bond. That responsibility lies with the insurance company, which in many cases turns out to be the opposing party.