Tucker, Richard T., J.
The plaintiffs, five union benefit funds, bring this action to establish and enforce a G.L.c. 254 mechanic’s lien for unpaid fund contributions stemming from union labor on the defendants’ property. This matter is now before the court on the defendants’ motion for summaiy judgment and the plaintiffs’ cross motion for summaiy judgment. Following hearing on July 14, 2012, and sifter consideration of counsels’ written submissions, the defendants’ motion for summaiy judgment is DENIED', and the plaintiffs’ cross motion for summaiy judgment is DENIED.
BACKGROUND
October 1, 2010, Clinton Millworks, LLC, owner of real property located at 1-55 Green Street, Clinton, MA, engaged Brady Sullivan Contracting, LLC (“Brady”) to act as general contractor on certain renovation work at the property. On August 16, 2010, Brady subcontracted with Atlantic Dismantling and Site Contractors Corp. (“Atlantic”), requiring Atlantic to provide certain demolition and removal services on the project in exchange for the agreed subcontract amount of $95,000. Atlantic utilized union workers from the Massachusetts Laborers’ District Council (“Union”) on the project, starting in April 2011 and ending July 2, 2011. Atlantic is party to a collective bargaining agreement (“CBA”) with the Union that obligates Atlantic to make contributions directly to the plaintiffs, a number of union benefit and welfare trust funds, for the benefit of the Union workers. The CBA specifies certain payments to the plaintiff funds for each hour of Union work performed.
The plaintiffs claim that Atlantic failed to make any contributions for the hours worked by the Union between April 2011 and July 2, 2011 at the defendants’ property. The plaintiffs claim that Atlantic owes the funds $26,144.00 for work performed in April and May 2011, and $4,726.40 for work performed in June and July 2011. On July 18, 2011 and September 9, 2011, the plaintiffs recorded notices of contract and statements of account at the Worcester County Registiy of Deeds. The plaintiffs bring the instant action to establish and enforce mechanic’s liens pursuant to G.L.c. 254.
The defendants move for summary judgment, claiming entitlement because at the time the plaintiffs filed their notices of contract and statements of account there was no amount due or to become due *237 under the contract between Brady, the general contractor, and Atlantic, the sub-contractor. See G.L.c. 254, §4. Brady made successive payments to Atlantic of $60,000, $11,250, and $15,000, on February 23, 2011, April 21, 2011, and July 6, 2011 respectively. The defendants allege that on July 5,2011, Brady and Atlantic amended their original contract to provide that the last $15,000 payment to Atlantic would represent payment in full for all work completed as of July 5, 2011. After making the $15,000 payment, Brady had paid $86,250 of the original $95,000 contract price. Under the terms of the amended contract, Brady was not required to make any additional payments until Atlantic completed its work. Atlantic, however, did not perform any additional work after July 5, 2011, and never completed the project.
DISCUSSION
Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See Mass.R.Civ.P. 56(c); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). In cases like this one, where both the plaintiffs and the defendants have moved for summary judgment, the court views the evidence in the light most favorable to the non-moving party when considering each motion. See DiLiddo v. Oxford St. Realty, Inc., 450 Mass. 66, 70 (2007). A party seeking summary judgment may satisfy its burden of demonstrating the absence of trial issues either by submitting affirmative evidence demonstrating entitlement to relief, or the opposing party’s lack of entitlement, or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of their case. Flesner v. Tech. Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis, 401 Mass. at 716. Once the moving party establishes the absence of a triable issue, the nonmoving party must respond by “set(ting) forth specific facts showing that there is a genuine issue for trial.” Mass.R.Civ.P. 56(e); Kourouvacilis, 401 Mass. at 716. A party cannot defeat a motion for summary judgment by resting on his or her pleadings and making mere assertions of disputed facts. Lalande v. Eissner, 405 Mass. 207, 209 (1989).
The Massachusetts mechanic’s lien statute is set forth in G.L.c. 254, §1 et seq. The primary purpose of the mechanic’s lien statute is “to provide security to contractors, subcontractors, laborers and suppliers for the value of their services, labor and goods provided for improving an owner’s real estate.” Hammil-McCormick Assocs., Inc. v. New England Tel. & Tel. Co., 399 Mass. 541, 542-43 (1987). However, the statute is also intended to protect property owners and others with an interest in the property by establishing notice and filing requirements. See id., Nat’l Lumber Co. v. United Cas. & Sur. Ins. Co., 440 Mass. 723, 726 (2004). Mechanic’s liens are a creature of statute in Massachusetts, therefore, a party must be in strict compliance with the requirements of the statute in order to establish and enforce a lien. Mammoet USA, Inc. v. Entergy Nuclear Generation Co., 64 Mass.App.Ct. 37, 47 (2005).
The plaintiffs allege that they are entitled to a mechanic’s lien under sections 1 and 4 of G.L.c. 254. G.L.c. 254, §1 allows laborers to file liens for:
personal labor performed in the erection, alteration, repair or removal of a building or structure upon land or improvement or alteration to real property, by virtue of an agreement with, or by consent of, the owner of such building or structure, or of a person having authority from or rightfully acting for such owner in procuring or furnishing such labor, shall, under the provisions of this chapter, other than section four, have a lien upon such building or structure and upon such interest in such real property, land, building, structure, or improvement owned by the party authorizing or consenting to said work, for not more than thirty days’ work actually performed for the ninety days next prior to his filing a statement as provided in section eight.
The second paragraph of §1 further provides that:
A person or his assignee, agent, authorized representative or third party beneficiaiy, to whom amounts are due or for whose benefit amounts are computed and due for, or on the basis of, the personal labor of such person, may file a lien to secure the payment of such unpaid amounts including interest and agreed penalties for failure to pay the same.
G.L.c. 254, §4 allows liens for labor and materials provided by first and second tier subcontractors even if they have no direct contractual relations with the owner:
Whoever furnishes labor, including subcontractor construction management services, or who furnishes material, or both labor and material, or furnishes rental equipment, appliances or tools, or who performs professional services, under a written contract with a contractor, or with a subcontractor of such contractor, may file or record in the registry of deeds for the county or district where such land lies a notice of his contract. . .
§4 limits the amount of a second tier subcontractor lien to the “amount due or to become due” on the subcontract between the general contractor and the first tier subcontractor at the time the second tier subcontractor files a notice of contract, unless the second tier subcontractor gives written notice of identification to the general contractor within thirty days of commencing work:
*238 If the person claiming a lien under this section has no direct contractual relationship with the original contractor, except for liens for labor by persons defined in section one of this chapter, the amount of such lien shall not exceed the amount due or to become due under the subcontract between the original contractor and the subcontractor whose work includes the work of the person claiming the lien as of the date such person files his notice of contract, unless the person claiming such lien has, within thirty days of commencement of his performance, given written notice of identification by certified mail return receipt requested to the original contractor . . .
This provision encourages second tier subcontractors to provide notice of their work to general contractors, and gives general contractors an incentive to make certain that lower tier subcontractors are being paid by first tier subcontractors.
Defendants’ Motion for Summary Judgment
The defendants’ primary argument for summaiy judgment is that at the time the plaintiffs recorded their notices of contract on July 18, 2011 and September 9, 2011, there was no amount “due or to become due” on the subcontract between Brady and Atlantic because Atlantic performed no additional work after July 5, 2011, and Brady paid Atlantic in full for all work up to July 5, 2011. The defendants argue, therefore, that the plaintiffs cannot establish a lien pursuant to c. 254, §4, citing BloomSouth Flooring Corp. v. Boys’ and Girls’ Club, 440 Mass. 618 (2003). In BloomSouth, a subcontractor asserted a mechanic’s lien under §4 against a property owner after the general contractor defaulted. 440 Mass. at 619-20. There were unpaid amounts remaining on the general contract at the time the general contractor defaulted, but the owner had paid the general contractor in full for all of its work up until default. Id., at 619. After the general contractor defaulted and the contract was terminated, the subcontractor filed a notice of its subcontract. Id., at 619-20. The property owner used the remaining contract balance to pay a replacement general contractor to finish the project. Id. The court held that there was no amount due or payable to the general contractor at the time the subcontractor filed its notice of subcontract. Id., at 623. The court reasoned that because the general contractor’s default was willful, and the general contractor had not substantially performed on the contract, there was no right to further payment under the contract at the time the subcontractor provided notice, and therefore, no enforceable lien rights existed. Id.
The instant case is distinguishable from BloomSouth for several important reasons. In this case, unlike in BloomSouth, there remains a question of material fact as to whether the unpaid contract balance was to “become due” at the time the plaintiffs filed their notices of contract. The defendants state in their memorandum in support of their motion for summaiy j udgment that Atlantic abandoned the proj - ect after July 5, 2011, and Brady retained a new subcontractor to finish the work, but does not provide any specific dates as to when these acts occurred. The defendants are correct in arguing that the contract amendment states that no amounts are due as of J uly 5, 2011. However, the amendment, by its terms, left open whether any additional amounts would “become due” under the contract. If Atlantic completed the project, there would have been money that would become due under the amended contract. Summaiy judgment is inappropriate as to the §4 lien claim because there remains genuine issues of material fact, mainly if and when the contract between Atlantic and Brady terminated, and whether the termination occurred before or after the plaintiffs filed their notice of contracts.[4]
The defendants argue that the “amount due” lien restriction contained in §4 of the mechanic’s lien statute also applies to laborer’s liens under §1, and therefore, since there is no amount due or to become due, the defendants are entitled to summaiy judgment on the plaintiffs’ §1 lien claim as well. Even if the court did find that there was no amount due or to become due, the court disagrees with the defendants’ interpretation of the statute, and the relationship between §1 and §4. Section 1 of the mechanic’s lien statute is silent as to the amount due or to become due under the contract or subcontract, and §4 provides, in the paragraph regarding second tier subcontractors, “(i]f the person claiming a lien under this section has no direct contractual relationship with the original contractor, except for liens for labor by persons defined in section one of this chapter, the amount of such lien shall not exceed the amount due or to become due under the subcontract between the original contractor and the subcontractor.” Section l’s silence, and the explicit “except for liens for labor” language of §4, makes clear that the Legislature did not intend the amount due lien limitation to apply to §1 lien claimants.
The defendants also argue that the complaint should be dismissed under Mass.R.Civ.P. 19(a) because the plaintiffs failed to name Atlantic and Brady as parties, whom the defendants claim are indispensable parties. The defendants request the court to consider this motion for summaiy judgment as, upon this issue, a motion to dismiss. Assuming the defendant’s request is procedurally proper, the court disagrees that Brady and Atlantic are necessary parties to the litigation. Further, if the defendants feel they may have claims against Atlantic or Brady, the defendants are free to request leave of court to bring thirdparly complaints against Atlantic or Brady under Mass.R.Civ.P. 14.
*239 Plaintiffs Cross Motion for Summaiy Judgment
The plaintiffs claim entitlement to summaiy judgment on their §1 and §4 lien claims as third-party beneficiaries of the CBA between the Union and Atlantic. The plaintiffs’ motion for summaiy judgment on their §4 claims is denied for the same reasons set out in the paragraphs above, i.e. genuine issues of material fact exist requiring a finding on the merits. Summaiy judgment is also inappropriate as to the plaintiffs’ §1 lien claims because there remains additional genuine issues of material fact as to the amount due to the plaintiffs. In support of their cross motion for summary judgment the plaintiffs submitted an affidavit of James Morgan, who is Assistant Executive Director of the Union funds. Morgan states in the affidavit that the laborers performed twenty-nine days of work on the defendants’ property during April and May of 2011, and fifteen days of work in June and July of 2011. In its response to the plaintiffs’ statement of uncontested material facts, the defendants specifically denied this allegation. The plaintiffs also submitted employer remittance reports for April and May of 2011, which show 528 hours worked in April and 688 hours worked in May. The documents and affidavits submitted by the plaintiffs, however, lack specificity as to which days were worked and how many hours on each day. This specificity is necessary to establish the amount of a §1 lien, because the lien is limited “to not more than thirty days’ work actually performed for the ninety days next prior to his filing a statement as provided in section eight.”
There also remains a genuine issue of material fact as to the preliminary issue of consent. While §1 is different than §4, in that a §1 lien claimant does not need a written contract, the laborer must still perform the work “by virtue of an agreement with, or by consent of, the owner of such building or structure, or of a person having authority from or rightfully acting for such owner in procuring or furnishing such labor...” In Trace Constr., Inc. v. Dana Barros Sports Complex, LLC, 459 Mass. 346 (2011), the court recently analyzed similar consent language found in G.L.c. 254, §2, the mechanic’s lien provision for general contractors, and concluded that consent requires “something more than awareness of intent to perform work, or awareness of ongoing work, and a failure to object.” Id., at 355. The plaintiffs have not submitted summaiy judgment materials demonstrating that the Union laborers acted with the defendants’ consent “or of a person having authority from or rightfully acting for such owner in procuring or furnishing such labor." Whether the defendants authorized or were even aware that the Union laborers worked on the project through Atlantic is unclear from the summaiy judgment record.
ERISA Preemption
While not raised by the parties, the court has considered whether there could be an issue of ERISA preemption in this case. See 29 U.S.C. § 1144(a) (stating that the provisions of ERISA “shall super-cede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.”[5] Although the appellate courts of the Commonwealth have yet to decide this issue, this court is persuaded by the sound reasoning of another judge of this court that “ERISA does not preempt G.L.c. 254, §1 [and §4], because the statute does not have a connection with or a reference, express or otherwise, to ERISA-covered employee benefit plans.” Memorandum of Decision and Order on Defendants’ Motion to Dismiss, Trustees of Ironworkers District Council of New England vs. Oxford Sutton Development, LLC, Mass. Superior Court, Worcester CV-No. 07-0537 (Lu, J., June 31, 2008) [24 Mass. L. Rptr. 421], available at 2008 WL 4367564.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion for summary judgment is DENIED, and the plaintiffs cross motion for summaiy judgment is DENIED.

 If it is determined that the Brady/Atlantic contract terminated before the plaintiffs’ July 18th or September 9th filings, under BloomSouih, a subcontractor would not have an enforceable lien.

 In Chestnut-Adams Ltd. Partnership v. Bricklayers and Masons Trust Funds of Boston, 415 Mass. 87, 93-94 (1993), and McCoy v. Mass. Inst. of Tech., 950 F.2d 13, 18-19 (1st Cir. 1991), the courts declared the prior version of G.L.c. 254, §1 was preempted by ERISA because it made explicit reference to and provided special treatment to ERISA funds. The prior version of G.L.c. 254, §1 provided: “(flor purposes of this chapter, a person shall include any employee of any employer and the trustee or trustees of any fund or funds, established pursuant to section 302 of the Taft Hartley Law (29 USC 186), providing coverage or benefits to said person. The trustee or tmstees of any such fund or funds shall have all the liens under this chapter that any person has. The trustee or tmstees shall also have the right to enforce said liens pursuant to this chapter.” See St. 1996, c. 364, §1. St. 1996, c. 364, §1 amended the language of the second paragraph to remove the explicit reference to ERISA funds, but the effect of the 1996 amendment on union benefit fund’s rights to mechanic’s liens remains unclear. See Memorandum of Decision and Order on Defendants’ Motion to Dismiss, Trustees of Ironworkers District Council of New England v. Oxford Sutton Development, LLC, Mass. Superior Court, Worcester CV-No. 07-0537 (Lu, J., June 31, 2008) [24 Mass. L. Rptr. 421], available at 2008 WL 4367564 (stating “matter of first impression”).